1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARCUS BRENT FIELDS,                    No.  2:23-cv-02488-CKD P

12             Plaintiff,

13        v.                                 ORDER

14   JEFFERY LYNCH, et al.,

15             Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                        1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

§ 1915(b)(2).

## I.     Motion to Appoint Counsel

Plaintiff has also filed a motion for the appointment of counsel.  ECF No. 9.  District

courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.

Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the

court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. §

1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900

F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances"

exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability

of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues

involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse

discretion in declining to appoint counsel).  The burden of demonstrating exceptional

circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of

legal education and limited law library access, do not establish exceptional circumstances that

warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to

meet his burden of demonstrating exceptional circumstances warranting the appointment of

counsel at this time.

## II.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4   Cir. 1989); Franklin, 745 F.2d at 1227.

5        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

7   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

8   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

9   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

10  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

11  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

12  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

13  McKeithen, 395 U.S. 411, 421 (1969).

14       **III.    Allegations in the Complaint**

15       At all times relevant to the allegations in the complaint, plaintiff was an inmate at

16  California State Prison-Sacramento ("CSP-Sac").  Named as defendants are the Secretary of the

17  California Department of Corrections and Rehabilitation, the Warden of CSP-Sac, a correctional

18  sergeant, and a prison psychologist.

19       In his first two claims for relief, plaintiff generally challenges his placement in a cell with

20  a homosexual inmate who had AIDS and Hepatitis C.  Plaintiff contends that this threatened his

21  physical and mental health.  In claim three, plaintiff contends that he was denied adequate

22  medical care after falling off the top bunk of his cell on two occasions.  It took a "week or weeks"

23  to see a doctor.  In claim four, plaintiff asserts that he was denied access to the courts because the

24  prison law library was short staffed.  As a result, plaintiff lost all of his civil cases.

25       The only defendants linked to any specific conduct are Sergeant Meadows and Dr.

26  Andrichuks.  Defendant Meadows served as plaintiff's staff assistant at his classification hearing

27  and said nothing to prevent plaintiff's double celling.  Defendant Andrichuks was a member of

28  the committee that determined plaintiff's mental health treatment needs and his custody

placement.  Plaintiff alleges that defendant Andrichuks did "zero to help…."  ECF No. 1 at 7.

### IV.    Legal Standards

The following legal standards are provided based on plaintiff's pro se status as well as the nature of the allegations in the complaint.

### A.    Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B.    Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### C.    Deliberate Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a

4

violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of

1    medical treatment, "without more, is insufficient to state a claim of deliberate medical

2    indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

3    Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

4    prisoner must show that the delay caused "significant harm and that Defendants should have

5    known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

6         **D.    Access to Courts**

7         Plaintiff has a constitutional right of access to the courts and prison officials may not

8    actively interfere with his right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir.

9    2011). Prisoners also enjoy some degree of First Amendment rights in their legal

10   correspondence. Bounds v. Smith, 430 U.S. 817, 824-25 (1977). However, to state a viable

11   claim for relief, plaintiff must allege he suffered an actual injury, which is prejudice with respect

12   to contemplated or existing litigation, such as the inability to meet a filing deadline or present a

13   non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).

14        **V.    Analysis**

15        The court finds the allegations in plaintiff's complaint fail to state a claim for relief upon

16   which relief may be granted. Plaintiff must allege with at least some degree of particularity overt

17   acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff fails to adequately

18   link any named defendant to the asserted constitutional violations involving his double celling

19   and lack of access to the law library. Moreover, supervisory liability is not an adequate basis to

20   state a claim against defendants Macomber and Lynch. See Ashcroft v. Iqbal, 556 U.S. 662, 677

21   (2009). For all these reasons, the complaint must be dismissed. The court will, however, grant

22   plaintiff leave to file an amended complaint.

23        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

24   complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.

25   Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how

26   each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there

27   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

28   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendants.  Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order.  If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 2, 7) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion to appoint counsel (ECF No. 9) is denied without prejudice.

4. Plaintiff's complaint is dismissed.

7

5.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint".

6.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  January 11, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/fiel2488.14.new

8