UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BRENT FIELDS, | No. 2:23-cv-02488-CKD |
| Plaintiff, | |
| v. | ORDER and FINDINGS AND RECOMMENDATIONS |
| JEFFERY LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On January 12, 2024, the court dismissed plaintiff's complaint for failing to state a claim but granted him leave amend. ECF No. 11. In the order, plaintiff was provided with the appropriate legal standards governing his potential claims for relief. Id. Plaintiff filed a first amended complaint that is now before the court for screening. ECF No. 16.

**I.   Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

1

a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

## II. Allegations in the First Amended Complaint

At all times relevant to the allegations in the amended complaint, plaintiff was an inmate at California State Prison-Sacramento ("CSP-Sac").  Plaintiff names the warden, two correctional officers, and two mental health staff members as defendants in this action.

Plaintiff generally challenges his placement in a cell with a homosexual inmate who had communicable diseases.  Plaintiff contends that this housing assignment damaged his physical and mental health.  Defendant Meadows said nothing in the Inmate Custody Classification ("ICC") hearing to prevent plaintiff's double celling.  This was purposeful according to plaintiff.  Defendant Andrichuks was a member of the committee that determined plaintiff's mental health treatment needs and his custody placement, and she did not care to intervene.  Defendant Franceschi lied and perjured herself in order to protect defendant Andrichuks.  Lastly, plaintiff describes how defendant Pohovich issued him a Rules Violation Report ("RVR") for refusing to stay housed with this cellmate.

By way of relief, plaintiff seeks monetary compensation and injunctive relief in the form of single cell status, a lower bunk accommodation, and a CT or MRI scan for his head trauma.

## III. Analysis

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has failed to state any claim upon which relief may be granted against defendants.  The amended complaint contains even less information and fewer details than the original complaint. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff does not adequately allege that any defendant was subjectively aware that placing him in a double cell would create a substantial risk of serious harm to his health or safety.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Absent this information, he has failed to properly plead an Eighth Amendment deliberate indifference claim. Additionally, despite being previously advised that supervisory liability is not a basis for a cause

of action under § 1983, plaintiff once again named the warden as a defendant without linking him to any act or omission that constituted a violation of plaintiff's federal rights.  For all these reasons, the undersigned recommends dismissing plaintiff's first amended complaint for failing to state a claim upon which relief may be granted.

### IV. Leave to Amend

Once the court finds that a complaint should be dismissed for failing to state a claim, the court has discretion to dismiss it with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted).  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.  It appears to the court that further amendment of this case would be futile because the deficiencies have not been cured despite being given prior leave to amend.  Therefore, the undersigned recommends that the amended complaint be dismissed without further leave to amend.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your first amended complaint and determined that it does not state any federal claim for relief against defendants.  Even if you knew why placing you with a cell mate was a bad idea, you have not alleged that any of the defendants were actually aware that doing so would create a substantial risk of serious harm to your health or safety.  Because you failed to fix the problems in your complaint despite given the opportunity to do so, it is recommended that your amended complaint be dismissed without further leave to amend.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned your case will then review the case and make the final decision in this matter.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's first amended complaint be dismissed without leave to amend for failing to state a claim; and,

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 5, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/fiel2488.F&R.FAC

4